UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RAY SMITH,<br><br>   Plaintiff,<br><br>   v.<br><br>CHAIM ZAKLOS, et al.,<br><br>   Defendants. | No. 2:15-cv-0842 WBS DB<br><br><br>ORDER |

   Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  On January 11, 2016, before the defendants in this case were served and before the magistrate judge screened the original complaint, plaintiff filed his first amended complaint.  (ECF No. 14.)  On March 9, 2016, the magistrate judge then-assigned to this case, Judge Carolyn Delaney, granted plaintiff's motion to proceed in forma pauperis and directed plaintiff to submit service documents.  (ECF No. 15.)  On March 15, 2016, plaintiff submitted the service documents (ECF No. 18), which Judge Delaney later ordered (ECF No. 19) to be served on defendants.

   On June 1, 2016, defendants filed a motion to dismiss the first amended complaint.  (ECF No. 25.)  Plaintiff filed an opposition (ECF No. 26), as well as a motion to amend the complaint (ECF No. 27).  Defendants oppose the motion to amend the complaint.  (ECF No. 30.)  Defendants filed a reply memorandum (ECF No. 28) in support of their motion to dismiss and plaintiff filed a reply memorandum (ECF No. 31) in support of the motion to amend.

For the reasons set forth below, the undersigned grants plaintiff's motion to amend and denies without prejudice, subject to renewal, defendants' motion to dismiss.

I.  Motion to Amend

Plaintiff has amended once and therefore he must obtain leave of court to amend. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

Defendants argue that the second amended complaint is submitted in bad faith, prejudices defendants, and is futile. (ECF No. 30.) The court will address each of these arguments in turn below.

There is no evidence before the court to suggest that plaintiff acted in bad faith. Most of what defendants cite as "dilatory and bad faith tactics" are simply efforts to shore up the complaint and address issues raised in defendants' motion to dismiss. The court's review of the pleadings -- the first amended complaint (ECF No. 14), defendants' motion to dismiss (ECF No. 25), and the proposed second amended complaint (ECF No. 27-1) -- reveals that plaintiff is addressing deficiencies in the first amended complaint, not acting in bad faith through the changing of inconvenient factual allegations from the first amended complaint.

While plaintiff alters his requested relief and identifies a religion in the second amended complaint concerning his Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) claims, he does not cross into the realm of bad faith by altering fundamental facts between versions of the complaint. Defendants assert that plaintiff's addition of new facts concerning alleged denials of the Kosher diet through the Form 22 process also constitutes bad faith. The mere addition of new facts is insufficient to establish bad faith, and, despite defendants' suggestion to the contrary, plaintiff need not provide an explanation of why certain factual allegations were not presented in previous versions of the complaint. In essence, plaintiff's amendment does exactly what a court may require if a complaint was deemed deficient

1  and dismissed without prejudice.  Thus, this factor favors granting plaintiff leave to amend his
2  complaint.

3        Prejudice is the most critical factor in determine whether leave to amend should be
4  granted.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  The
5  burden of showing prejudice is on the party opposing an amendment to the complaint.  DCD
6  Programs v. Leighton, 833 F.2d 183, 187 (9th Cir. 1986).  The only prejudice defendants' allege
7  is that they would be required to respond to the second amended complaint after they already
8  filed a motion to dismiss the first amended complaint.  As of the date of this order, defendants'
9  only actions in this case have been to prosecute the motion to dismiss and to oppose the motion to
10 amend.  (ECF Nos. 25; 28; 30.)  Thus, allowance of the amendment will not set this case back a
11 tremendous amount (as of the date of this writing, there are only 33 docket entries in the case) and
12 the court does not believe it is an undue burden to require defendants to address the second
13 amended complaint.  Thus, this factor favors granting plaintiff leave to amend his complaint.

14       Finally, defendants argue that amendment will be futile.  "[T]he general rule that parties
15 are allowed to amend their pleadings does not extend to cases in which any amendment would be
16 an exercise in futility or where the amended complaint would also be subject to dismissal."
17 Novak v. U.S., 795 F.3d 1012, 1020 (9th Cir. 2015) (citations omitted).  "The showing of futility
18 must be 'strong' to warrant a departure from the liberal application of Rule 15(a)."  Dong Ah Tire
19 & Rubber Co. v. Glasforms, Inc., 2009 WL 667171, at *2 (N.D. Cal. Mar. 10, 2009).

20       Defendants claim that plaintiff's amendment is futile on grounds that his RLUIPA claims
21 were mooted upon his transfer to Correctional Training Facility in Soledad, California.  (ECF No.
22 30 at 4.)  However, defendants cite to Pinola v. Virga, No. 2:11–cv–1165 KJM KJN, 2012 WL
23 260116 (E.D. Cal. Jan. 26, 2012), a case in which this court dismissed a similarly-situated
24 plaintiff's complaint **with leave to amend** because the plaintiff claimed that he was challenging a
25 CDCR policy as opposed to an institution-specific policy.  Thus, in Pinola, amendment was not
26 deemed futile as the plaintiff was provided with the opportunity to file an amended complaint that
27 made clear that he was "challenging a CDCR policy and naming appropriate defendants, i.e.,
28 CDCR officials responsible for implementing and/or enacting the policy."  Id. at *2.  This is

similar enough to the present case to allow plaintiff to proceed with his proposed amendment. Thus, this factor too weighs in favor of granting amendment.

Accordingly, the undersigned grants the motion to amend.

II.  Motion to Dismiss

As the court is allowing plaintiff the opportunity to amend his complaint, defendants' pending motion to dismiss is moot. Accordingly, the motion is denied without prejudice, subject to renewal if defendants wish move for dismissal again after plaintiff's second amended complaint is filed as a separate docket entry.

III.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

(1)  Plaintiff's motion to amend (ECF No. 27) is granted;

(2)  Plaintiff shall, within 21 days of the date of this order, file his second amended complaint as a separate docket entry; and

(3)  Defendants' motion to dismiss (ECF No. 25) is denied without prejudice, subject to renewal after plaintiff files the second amended complaint.

Dated: January 18, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / smit0842.mtd.mta